STATE OF LOUISIANA,
v.
BRECK COWPERTHWAITE.
No. KA 09-1248.
Court of Appeals of Louisiana, Third Circuit.
April 7, 2010.
Not Designated for Publication.
JOHN FOSTER DeROSIER, 14th Judicial District Attorney, Carla Sue Sigler, Assistant District Attorney, P. O. Box 3206, Lake Charles, LA 70602-3206 (337) 437-3400, Counsel for Plaintiff/Appellee: State of Louisiana.
G. PAUL MARX, Attorney at Law, P. O. Box 82389, Lafayette, LA 70598-2389 (337) 237-2537, Counsel for Defendant/Appellant: Breck Cowperthwaite.
Court composed of SAUNDERS, DECUIR, and EZELL, Judges.
EZELL, Judge.
On August 24, 2006, the Defendant, Breck Cowperthwaite, was indicted by a grand jury with molestation of a juvenile, a violation of La.R.S. 14:81.2, and failure to register as a sex offender, a violation of La.R.S. 15:542.1. The Defendant pled guilty to molestation of a juvenile on January 27, 2009, and the remaining charge was dismissed. Additionally, the State agreed not to charge the Defendant as a habitual offender. The Defendant was sentenced on April 3, 2009, to serve fifteen years at hard labor with credit for time served.
On July 2, 2009, the Defendant filed a pro se "Motion for Out[-]of[-]Tirne Reconsideration of Sentencing" which was summarily denied. The Defendant subsequently filed a motion for an out-of-time appeal which was granted by the trial court on July 30, 2009.
Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967), alleging that the record contains no pre-plea errors to support reversal of the Defendant's conviction and sentence in this matter. Also, appellate counsel asserts that the Defendant's maximum sentence is not excessive considering his prior criminal record and the benefits received from his plea agreement. We find there are no non-frivolous issues in this matter. Accordingly, the Defendant's conviction and sentence is affirmed and counsel's motion to withdraw is granted.

FACTS
At the Defendant's guilty plea hearing, the State established that between December 1, 2004, and September 30, 2005, the Defendant, a family friend of the juvenile Victim, born September 20, 1994, engaged in sexually inappropriate behavior with the Victim. The incidents occurred during times when the Defendant was alone with the Victim at his camper located in Sulphur, Louisiana.

ANDERS ANALYSIS
Pursuant to Anders, 386 U.S. 738, the Defendant's appellate counsel has filed a brief stating that he has made a conscientious and thorough review of the trial court record and could find no errors on appeal that would support reversal of the Defendant's conviction or sentence. Thus, counsel seeks to withdraw.
In State v. Benjamin, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the Anders analysis:
When appointed counsel has filed a brief indicating that no nonfrivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, Anders requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.
Pursuant to Anders and Benjamin, we have performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. The Defendant was properly charged in a grand jury indictment, was present and represented by counsel at all crucial stages of the proceedings, and entered a free and voluntary guilty plea after properly being advised of his rights in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969). Additionally, the Defendant received a legal sentence in conformity with his plea agreement.
Further, the Defendant received a substantial benefit from his plea agreement. Prior to his plea, the Defendant faced an additional sentence for failing to register as a sex offender of two to ten years, with or without hard labor, without benefit of parole, probation, or suspension of sentence, and a fine of not more than one thousand dollars. La.R.S. 15:542.1.4(A)(1).
Additionally, the Defendant avoided the possibility of being charged as a habitual offender. The record reflects that in 1988, the Defendant pled guilty to aggravated oral sexual battery, and no contest to two counts of oral sexual battery, all three offenses involving a juvenile. As such, the Defendant's sentence in the instant matter could have been significantly enhanced pursuant to La.R.S. 15: 529.1. Lastly, the Defendant's guilty plea waived all non-jurisdictional defects in the proceedings prior to the plea. State v. Crosby, 338 So.2d 584 (La.1976).
Our review of the record has revealed no issues which would support an assignment of error on appeal. Therefore, we affirm the Defendant's conviction and sentence, and Appellate counsel's motion to withdraw is granted.
CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.

ORDER
After consideration of appellate counsel's request to withdraw as counsel and the appeal presently pending in the above-captioned matter;
IT IS HEREBY ORDERED that appellate counsel's motion to withdraw is granted.